UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>    v.<br><br>SAMUEL N. REZENE,<br><br>                        Defendant. | CASE NO. CR16-0185JLR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

## I.    INTRODUCTION

Before the court is Defendant Samuel N. Rezene's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). (Mot. (Dkt. # 106); Reply (Dkt. # 112).) Plaintiff the United States of America ("the Government") opposes Mr. Rezene's motion. (Resp. (Dkt. # 111).) The court has considered Mr. Rezene's motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Rezene's motion.

ORDER - 1

## II. BACKGROUND

Mr. Rezene is a 34-year-old inmate who is currently detained at United States Penitentiary Big Sandy ("Big Sandy"). (*See* Resp. at 2.) His arrest stems from his involvement in a 2014 shooting in Renton, Washington. (*See generally* Indictment (Dkt. # 3); Presentence Investigation Report (Dkt. # 82 (sealed)); Stip. Facts (Dkt. # 78).) During the incident, Mr. Rezene "was shot multiple times by an unknown assailant," retrieved a firearm from his vehicle, and "returned fire in the direction of the assailant." (*See* Stip. Facts at 2.) The court found Mr. Rezene guilty of one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) after a stipulated facts bench trial. (5/16/17 Min. Entry (Dkt. # 79).) On September 12, 2017, the court sentenced Mr. Rezene to 92 months of imprisonment and three years of supervised release. (Judgment (Dkt. # 88); 9/12/17 Min. Entry (Dkt. # 87).) He was remanded into custody following his sentencing hearing, and his projected release date is May 19, 2023. (*See* Judgment at 2; Comp. Release Memo. (Dkt. # 113 (sealed)) at 1.)

## III. ANALYSIS

Mr. Rezene now seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asking the court to reduce his sentence by "immediate[ly] plac[ing] [him] in halfway house" in Washington, requiring him "to serve six months there," and then "releas[ing] [him] to his term of community supervision." (*See generally* Mot. at 2, 7; Reply at 1.) The court begins by setting forth the standard of review before turning to its analysis of Mr. Rezene's motion.

//

**A.    Standard for Compassionate Release**

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United States*, 506 U.S. 817, 824-25 (2010). One such statute is 18 U.S.C. § 3582(c)(1), which governs motions for compassionate release. *See United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at * 2 (W.D. Wash. Apr. 13, 2020). 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides the court with authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted their administrative appeal rights of the Bureau of Prisons' ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020). It also instructs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding whether compassionate release is appropriate. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part, that a defendant may be eligible for compassionate release if "extraordinary and compelling reasons warrant the reduction"; the "defendant is not a danger to the safety of any other person or to the community"; and

the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13; *id.* cmt. n.1 (outlining four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction).

The Ninth Circuit, however, has held that United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Therefore, the "Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*; *see also United States v. Van Cleave*, No. CR03-0247RSL, 2020 WL 2800769, at *5 (W.D. Wash. May 29, 2020) (referring to the policy statement as "persuasive, but not binding").

**B.      Exhaustion of Administrative Remedies**

Before considering the merits of Mr. Rezene's motion, the court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Rezene made a request for compassionate release to the warden at Big Sandy on October 19, 2021. (*See* Williams Decl. (Dkt. # 107) ¶ 4, Ex. 4; Mot. at 6 (alleging that the warden did not respond within 30 days).) Mr. Rezene then filed this motion in February 2022—more than 30 days after he submitted his request to the warden. (*See generally* Mot.) The court finds that the statutorily required 30-day period has expired, and Mr. Rezene's motion is properly before the court.[1]

---

[1] The Government does not dispute that Mr. Rezene complied with § 3582(c)(1)(A)'s exhaustion requirement. (*See generally* Resp.)

### C.      Extraordinary and Compelling Circumstances

The court must next determine whether "extraordinary and compelling" circumstances warrant a reduction of Mr. Rezene's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Rezene bears the burden of establishing that "extraordinary and compelling reasons" exist that justify compassionate release. *See United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021). Mr. Rezene argues that he is entitled to compassionate release because of his medical issues and his family's inability to see or receive information about him when he is sick. (*See* Mot. at 1-2, 6-7; Reply at 2-3.)

Mr. Rezene's motion is based on two medical issues he has been dealing with over the last several months. (*See generally* Mot. at 1-3, 6-7; Reply at 2-3.) First, in October 2021, Mr. Rezene had surgery to remove his gallbladder and a follow-up drainage procedure after the wound became infected. (Williams Decl. ¶ 3, Ex. 3 ("Medical Records")[2] at 31, 35-47; *see also id.* at 49-52 (containing Mr. Rezene's physician's observation that that his incision from the follow-up procedure was healing well).) Second, in February 2022, Mr. Rezene was taken to the emergency room for acute pancreatitis. (*See id.* at 2-7.) He received medical testing and treatment and returned to a stable condition within two days. (*See id.*) These medical issues are allegedly

//

---

[2] Mr. Rezene's medical records are separately filed under seal at docket entry 109. (*See* Medical Records (Dkt. # 109 (sealed)).) Unless otherwise indicated, the court uses the CM/ECF page numbers when citing to Mr. Rezene's medical records.

1  "long-term health consequences from the gunshot wounds he suffered" during the

2  incident that led to his arrest in this case. (*See* Mot. at 1-3, Resp. at 4, 8-9.)

3  Mr. Rezene neither alleges that his medical issues have been inadequately treated

4  or managed by the BOP, nor that his medical issues place him at higher risk of

5  contracting and suffering severe complications from COVID-19. (*See* Mot. at 6-7; Reply

6  at 2-3.) Instead, the crux of Mr. Rezene's motion is that "each time he is hospitalized, his

7  family is too far away to support him and too far away to get accurate, timely information

8  on his condition." (*See* Mot. at 1-2, 6-7; Reply at 2.) Mr. Rezene's family resides in

9  Washington and would need to embark on "a multi-stop, multi-modal trip that requires

10 time and planning" to visit him at Big Sandy. (*See* Mot. at 2; *see also* Reply at 2.)

11 Accordingly, his family was unable to come and visit him while he was hospitalized.

12 (*See* Mot. at 1-2, 6-7; Reply at 2-3 (claiming that this kind of "isolation from support is

13 an additional punishment").) Moreover, Mr. Rezene alleges that, during each of the

14 above-mentioned hospitalizations, "he simply disappeared" and there was an

15 "information blackout for [his] family." (*See* Mot. at 2 (claiming that the "BOP cannot,

16 or will not, release information to [his] family"); Reply at 2-3 (stating that his "repeated

17 hospitalizations are extremely stressful for his family").) Given his "gunshot wounds"

18 and repeated hospitalizations in the last five months, Mr. Rezene contends that "it is more

19 than speculation that other serious issues will arise or worsen in the next eight months,

20 and, when they do, his family will be unable to get any information and [he] will have no

21 support." (Reply at 2-3.)

22 //

As the parties acknowledge, Mr. Rezene's medical issues alone do not present an extraordinary and compelling reason for compassionate release. (*See* Resp. at 3-5; Mot. at 6 ("If Rezene were at Sheridan, maybe his family could visit him and these medical issues might not be extraordinary and compelling."); Reply at 2 (stating that "hospitalizations alone might be a relatively thin basis to seek a reduced sentence" and Mr. "Rezene is getting medical care" and "is not claiming that the conditions are unconstitutional"); *United States v. Ayon-Nunez*, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *United States v. Ballenger*, No. CR16-5535BHS, 2021 WL 308814, at *3-4 (W.D. Wash. Jan. 29, 2021) (discussing factors to consider when determining if a defendant's medical condition(s) are "extraordinary and compelling" in the context of COVID-19). Rather, Mr. Rezene's contention is that compassionate release is justified because of the likelihood that he will have further health issues, which his family will be unable to get information about and he will have to endure without his family's support. While the court is sympathetic to the reality that anyone with a sick family member in prison would want to be able to see and receive information about that individual, the issues described in Mr. Rezene's motion, even when considered together, do not rise to the level of "extraordinary and compelling" circumstances that warrant compassionate release.

The court agrees with other district courts that have concluded that a desire to be closer to family does not present an extraordinary and compelling reason justifying compassionate release. For example, in *United States v. Terletsky*, one of the arguments

ORDER - 7

that the defendant raised in support of his motion for compassionate release was that "his five-year-old daughter, his wife, and his mother want [the defendant] to be reunited with his family, need the financial support he can provide by returning to his family, and worry about his safety while he is incarcerated." *Terletsky*, No. CR16-0080RSM, 2021 WL 735699, at *4 (W.D. Wash. Feb. 25, 2021). In its order denying the defendant's motion, the court cited U.S.S.G. § 1B1.13, cmt. 1(C)[3] and concluded that the defendant's familial circumstances were not "extraordinary and compelling" because he did not claim that either the caregiver of his daughter or his spouse were incapacitated. *Id.* *3-4 (noting that U.S.S.G. § 1B1.13, while not binding, "provide[s] helpful guidance" in determining whether the defendant's reasons for release are "extraordinary and compelling" (quoting *United States v. Powers*, No. CR15-0166TSZ, 2020 WL 3605748, at *1 (W.D. Wash. July 2, 2020))).[4]

---

[3] U.S.S.G. § 1B1.13 limits compassionate release for familial circumstances to the death or incapacitation of the caregiver of the defendant's minor child(ren) or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver. U.S.S.G. § 1B1.13, cmt. 1(C).

[4] *See also United States v. Stevens*, 459 F. Supp. 3d 478, 487 (W.D.N.Y. 2020) (concluding that the defendant's contention "that he has endured separation from his family because Big Spring refuses to transfer him to a facility closer to them" was not a sufficient reason to reduce his sentence), *reconsideration denied*, No. 04-CR-222S, 2020 WL 7416954 (W.D.N.Y. Dec. 18, 2020); *United States v. Baye*, 464 F. Supp. 3d 1178, 1190 (D. Nev. 2020) (concluding that the defendant's desire to be released so that he could be closer to his sick mother was not an "extraordinary" circumstance because "[m]any, if not all inmates, have aging and sick parents" (quoting *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019))); *United States v. Davis*, No. 4:08CR144, 2022 WL 220872, at *9 (E.D. Va. Jan. 25, 2022) (concluding that the defendant's argument that his family members "constantly express the need for [him] to be home with them" and his two sons are "starting to act out" does not identify a "a unique harm that could befall his family should the court maintain the status quo," it "simply describes the unfortunate" consequences of the defendant's actions, and does not present an "extraordinary and compelling" reason for early release).

ORDER - 8

While the defendant in *Terletsky* was not repeatedly hospitalized like Mr. Rezene, there are many inmates who, like Mr. Rezene, suffer from health issues while in custody, are located far away from family, and have family members who struggle to get information about their health while incarcerated. The court declines to conclude that Mr. Rezene's situation presents an "unusual set of facts" that compel this court to reduce his sentence.[5] *See Extraordinary Circumstances*, Black's Law Dictionary (9th ed. 2009) (defining "extraordinary circumstances" as a "highly unusual set of facts that are not commonly associated with a particular thing or event."). Mr. Rezene does not provide any legal authority that would lead the court to conclude otherwise. (*See generally* Mot.; Reply.)

Accordingly, because Mr. Rezene has not established "extraordinary and compelling" reasons justifying compassionate release, the court DENIES his motion for compassionate release.[6]

//

//

---

[5] Given Mr. Rezene's desire to be closer to his family, the court recommends that defense counsel, if they have not done so already, submit a formal transfer request with the BOP on Mr. Rezene's behalf. *See, e.g.*, *Designations*, Bureau of Prisons, https://www.bop.gov/inmates/custody_and_care/designations.jsp (last visited Mar. 11, 2022) ("Additionally, any request for transfer must originate with an inmate's institution unit team at his or her current facility. The DSCC evaluates referrals submitted by institution staff and makes decisions based on the information provided by the institution.").

[6] Having determined that Mr. Rezene has not made the requisite showing of extraordinary and compelling reasons warranting compassionate release, the court need not analyze whether a reduction in Mr. Rezene's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Rezene's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) (Dkt. # 106).

Dated this 12th day of March, 2022.

JAMES L. ROBART
United States District Judge