Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) No. CR16-185 JLR |
| v. | ) ) DEFENSE DISPOSITION |
| | ) MEMORANDUM RE: |
| SAMUEL REZENE, | ) SUPERVISED RELEASE |
| | ) VIOLATIONS |
| Defendant. | ) |

At a disposition hearing now scheduled for May 15, 2024, the Court will determine what sanctions defendant Samuel Rezene should suffer in the aftermath of its finding, on March 26, 2024, that he twice violated the terms of his supervised release by unlawfully possessing a firearm and for the misdemeanor of hit and run (property damage), both said to have occurred on October 31, 2023.

## Recommendation

1. A time served sentence of six and a half months in recognition of all time served since his arrest on October 31, 2023.

2. Continued supervised release should be terminated.

DEFENSE DISPOSITION MEMORANDUM
RE: SUPERVISED RELEASE VIOLATIONS - page 1

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

## Procedural history

The underlying offense conviction for the current supervision is Unlawful Possession of a Firearm, a violation of 18 USC §922(g)(1), which the Court found at a stipulated facts bench trial. (5/16/17 Min. Entry (Dkt. # 79).)  That matter stemmed  from Mr. Rezene's involvement in a 2014 shooting in Renton, Washington, during which  he "was shot multiple times by an unknown assailant," retrieved a firearm from his vehicle, and "returned fire in the direction of the assailant." (*See generally* Indictment (Dkt. # 3); Presentence Investigation Report (Dkt. # 82 (sealed)); Stip. Facts (Dkt. # 78).)  The predicate prior felonies for the underlying conviction were state court convictions for delivery of cocaine and unlawful possession of a firearm.  *Id.*  On September 12, 2017, the Court sentenced Mr. Rezene to 92 months of imprisonment and three years of supervised release. (Judgment (Dkt. # 88); 9/12/17 Min. Entry (Dkt. # 87).)

After Mr. Rezene completed the service of his sentence on August 9, 2023, he was placed on supervised release.  His conduct on October 31, 2023, triggered two alleged violations:  1) Unlawful Possession of a Firearm, presumably in violation of 18 USC §922(g)(1), and 2) Hit and Run (Property Damage), a violation of SMC 11.56.440.  At a contested evidentiary hearing on March 26, 2024, the court found by a preponderance of the evidence that Mr. Rezene had committed both violations.

The matter awaits disposition.

DEFENSE DISPOSITION MEMORANDUM
RE:  SUPERVISED RELEASE VIOLATIONS - page 2

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

**Intervening case authority casts the underlying conviction of Mr. Rezene and the like-kind violation of supervision under that conviction in a new, exculpatory light.**

On May 9, 2024, the Ninth Circuit interpreted recent Supreme Court guidance to find Mr. Rezene's offense of conviction - unlawful possession of a firearm in violation of 18 USC §922(g)(1) - unconstitutional as applied to non-violent felons. Essentially, an individuals's Second Amendment right to bear arms trumps the government's attempt to restrict non-violent felons — like Mr. Rezene — from possessing a firearm for self-protection. See *United States v. Duarte,* 9th Cir., No. 22-50048, May 9, 2024.

The *Duarte* panel found that under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), §922(g)(1) violates the Second Amendment as applied to Duarte, a non-violent offender who had served his time in prison and reentered society. Applying *Bruen*'s two-step, text-and-history framework, the panel concluded (1) Duarte's weapon, a handgun, is an "arm" within the meaning of the Second Amendment's text, that Duarte's "proposed course of conduct—carrying [a] handgun[] publicly for self-defense" —falls within the Second Amendment's plain language, and that Duarte is part of "the people" whom the Second Amendment protects because he is an American citizen[1]; and (2) the Government failed to prove that § 922(g)(1)'s categorical prohibition, (a

---

[1] There is a "strong presumption" that the text of the Second Amendment confers an individual right to keep and bear arms that belongs to "all Americans," not an "unspecified subset." *Bruen*, 597 U.S. at 70 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008)).

DEFENSE DISPOSITION MEMORANDUM
RE: SUPERVISED RELEASE VIOLATIONS - page 3

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

sweeping, no exception, lifelong ban), as applied to Duarte, "is part of the historic tradition that delimits the outer bounds of the" Second Amendment right. *Id*.

Mr. Rezene is similarly situated to defendant Duarte: both are American citizens with multiple prior felony convictions of a non-violent nature forming the predicate for a §922(g)(1) charge. Mr. Rezene, of course, has sustained the major brunt of his conviction by serving the entirety of a 92-month sentence while Duarte likely avoids the bulk of his.

**Response to the government argument for additional punishment**

The government rehashes ten- and twelve-year-old history and speaks vaguely of Mr. Rezene's violent crimes, not bothering to note that his criminal history is conspicuously free of a single crime deemed violent by either federal or state law.[2] Despite the government's casting of him, Mr. Rezene denies ever being a a gang member or gang leader who did drug robberies. The gang feuds and violence in and around the Holly Park area, where Mr. Rezene lived for years with his parents, both pre-date and post-date his presence in that community and are apparently oblivious to his absence from the area.

The government cites inflammatory Facebook postings of Mr. Rezene from ten years ago, even vaguely accusing him of once flashing gang signs. It quotes a conversation he had with the SPD detectives about a retaliatory shooting that occurred

---

[2] Indeed, portions of his criminal history may well be vacated by recent court decisions affecting their constitutionality. See *State of Washington v. Blake*; 197 Wash.2d 170 (2021) and *United States v. Duarte, supra*.

DEFENSE DISPOSITION MEMORANDUM
RE: SUPERVISED RELEASE VIOLATIONS - page 4

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

earlier while Mr. Rezene was in the midst of a coma in the hospital and seems taken aback that he might have wanted to avenge his would-be murderers.

This is very old history, coloring his actual charged crime — unlawful possession of a firearm by virtue of his felony status at the time.  As noted, he committed this offense while defending himself against a barrage of fired shots.  The Court considered Mr. Rezene's conduct as a whole and imposed a stiff 92-month sentence.

**Mr. Rezene has already been punished sufficiently for his misguided actions.**

Mr. Rezene has made his share of mistakes and bad choices, and he has already paid a very steep price for them.

Many years ago, he crossed a rival in a purported drug squabble and his girlfriend was murdered; his family's home was sprayed with gunfire on a later occasion; his personal vehicle was shot at on yet another occasion;  Mr. Rezene, himself, was later shot and almost killed;  he was charged with gun possession and received a 92-month sentence, even though he carried the gun for self-protection;

Now he is back before the court primarily for unlawfully possessing a firearm, a purported violation of both the law and the conditions of his supervision on the underlying offense of unlawfully possessing a firearm.  But under current law, as interpreted by the Ninth Circuit in *United States v. Duarte*, the conduct for which Mr. Rezene received and served 92 months is not even criminal.  The conduct for which he was violated in this revocation matter - at least the more serious part of it - is not criminal

DEFENSE DISPOSITION MEMORANDUM
RE:  SUPERVISED RELEASE VIOLATIONS - page 5

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

under the current law. Whether the conviction on which the current supervision of Mr. Rezene rests is voided for infringing Mr. Rezene's Second Amendment rights or somehow survives because of some arbitrary habeas time bar, the proper disposition for Mr. Rezene is the same: immediate release from custody and termination of supervision.

Mr. Rezene has a life plan that does not involve creating problems for those around him. Once released, he hopes to join his older sister, Meron Rezene, at her home in Dallas, Texas. He will be far away from his old haunts, his old associates in Holly Park, and other familiar enticements. He will seek to employ his carpentry skills at gainful employment and build a fresh, new life apart from the old one.

Mr. Rezene has served six and a half months since his arrest on October 31, 2023. He has been sufficiently punished for the events from that day, just as he was sufficiently punished for the underlying offense. He must learn, if he hasn't already, to live peacefully, legally and respectfully.

For these reasons, the Court should sentence Mr. Rezene to time served and terminate further supervision.

Respectfully submitted this 13th day of May, 2024.

/s/ Michael Nance, WSBA #13933
Attorney for Samuel Rezene

DEFENSE DISPOSITION MEMORANDUM
RE: SUPERVISED RELEASE VIOLATIONS - page 6

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211